UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GILBERT A. LEBLANC,

        Plaintiff,

        v.                          Case No. 21-cv-1336-bhl

EARL SANDERS, and
WARDEN PAUL S. KEMPER,

        Defendants.

## SCREENING ORDER

      Plaintiff, Gilbert A. LeBlanc, who is currently serving a state prison sentence at the Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on LeBlanc's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      LeBlanc has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). LeBlanc has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $202.00. LeBlanc's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

LeBlanc alleges that on November 23, 2018, he was physically assaulted by another inmate, Defendant Earl Sanders, during the noon count at the Racine Correctional Institution (RCI). Dkt. No. 1 at 2. LeBlanc states that he has suffered medical and mental health issues because of the attack. *Id.* LeBlanc claims that Sanders has a record of assaulting other inmates and has a violent temper. *Id.* Further, LeBlanc believes that the design of the RCI cells facilitate dangerous interactions between inmates because the inmates are only 8 to 12 inches apart when they exit the cells at the same time. *Id.* Lastly, LeBlanc filed criminal charges against Sanders, but the District Attorney decided not to bring a criminal case against Sanders. *Id.* at 3. LeBlanc believes that the criminal case was not brought because the District Attorney who prosecuted his case in 2016 is now working in the Racine County District-Attorney's Office. *Id.* LeBlanc asks for monetary damages for relief. *Id.*

### ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005

(7th Cir. 1982)).  He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The Court will dismiss the original complaint for failure to state a claim upon which relief can be granted.  First, LeBlanc fails to state a claim against Paul S. Kemper.  Although he names Kemper in the caption of his complaint, his complaint contains no allegations setting forth what Kemper allegedly did nor did not do to violate LeBlanc's constitutional rights.  Section 1983 requires that an individual or entity be personally involved in the alleged constitutional violation.  *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).  This means that a plaintiff must include allegations that connect the person he is suing to the alleged misconduct.  *Id.*  LeBlanc fails to do this, so he fails to state a claim against Kemper.

Second, LeBlanc fails to state a claim against Earl Sanders because Sanders is an inmate and not a state actor.  Under §1983, a plaintiff can sue only "state actors," which is another way of saying that state law must have given the person legal authority over the plaintiff.  *See West v. Atkins*, 487 U.S. 42, 49 (1988); *Patel v. Heidelberger*, 6 F. App'x 436, 437 (7th Cir. 2001) (holding that a plaintiff "may not bring a § 1983 claim against a private citizen who is not acting under the color of state law").  As a fellow inmate, Sanders had no legal authority over LeBlanc, so he was not a "state actor" and cannot be held liable under §1983.

Third, LeBlanc fails to state a claim regarding the lack of criminal charges pursued by the district attorney.  Although LeBlanc never names a defendant in regard to this claim, the Court notes that any claim against a prosecutor for their decision to initiate a prosecution is likely going to be conduct shielded by absolute immunity.  *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (concluding that absolute immunity shields a prosecutor's conduct as an advocate that is "intimately associated with the judicial phase of the criminal process," such as initiating a

4

prosecution and presenting the state's case). Nothing in the complaint indicates that the unknown and unnamed district attorney took actions that were not intimately associated with the judicial phase of the criminal process. Therefore, to the extent LeBlanc intended to proceed with a claim regarding the district attorney's decision to prosecute Sanders, he was required to identify the specific individual who made that decision, which he did not do, and even if he did, the claim is likely subject to absolute immunity.

Finally, although LeBlanc's complaint contains allegations that relate to a failure to protect claim, he has failed to name any defendant that would be liable for such a claim. The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020). To state a claim, Leblanc must allege that: (1) he was exposed to a harm that was objectively serious; and (2) a specific prison official knew of and disregarded an excessive risk to the inmate's health or safety. *Id*. Further, an inmate must allege a tangible threat to his safety or well-being. *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011). A substantial risk of serious harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is done." *Id*. (internal citations omitted). "[T]he conditions presenting the risk must be sure or very likely to cause . . . needless suffering, and give rise to sufficiently imminent dangers." *Id*. LeBlanc has satisfied the first prong as being assaulted would be an objectively serious harm. However, LeBlanc has failed to name a specific prison official or officials that he contends knew of and disregarded an excessive risk to his health or safety. Accordingly, LeBlanc has failed to state a claim at this time.

However, District Courts must generally give civil *pro se* plaintiffs at least one opportunity to amend their complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). If LeBlanc wants to proceed, he must file an amended complaint curing the deficiencies in the original

5

complaint as described herein. Such amended complaint must be filed on or before **March 30, 2022**. Failure to file an amended complaint within this time period may result in dismissal of this action.

LeBlanc is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that LeBlanc's first motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED,** and his second motion (Dkt. No. 8) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that on or before **March 30, 2022**, LeBlanc shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail LeBlanc a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of LeBlanc shall collect from his institution trust account the $148.00 balance of the filing fee by collecting monthly payments from LeBlanc's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The

payments shall be clearly identified by the case name and number assigned to this action. If LeBlanc is transferred to another institution, the transferring institution shall forward a copy of this Order along with LeBlanc's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where LeBlanc is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

LeBlanc is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on March 1, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge