GILBERT A. LEBLANC,

        Plaintiff,

v.                                               Case No. 21-cv-1336-bhl

EARL SANDERS, et al.,

        Defendants.

## ORDER

Plaintiff Gilbert A. LeBlanc, who is confined at the Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983 alleging that two defendants, co-inmate Earl Sanders and Warden Paul S. Kemper, violated his civil rights in connection with a physical altercation between LeBlanc and Sanders. Dkt. No. 1. On March 1, 2022, the Court screened and dismissed the original complaint for failure to state a claim upon which relief can be granted. Dkt. No. 17. The Court concluded that LeBlanc did not state valid claims against his co-inmate Sanders because inmates are not "state actors" for purpose of §1983. *Id*. at 4. The Court also held that LeBlanc failed to state claims against Warden Kemper because the complaint did not allege any personal involvement by Kemper in the facts alleged. *Id*. The Court also noted that while LeBlanc referenced a local district attorney who allegedly refused to criminally charge inmate Sanders with assault, LeBlanc also failed to state a claim against her because he had not named her as a defendant and because, even if he had, prosecutors are entitled to absolute immunity with respect to their decision to initiate prosecution. *Id*. at 4-5.

The Court noted that LeBlanc's allegations *might* support an Eighth Amendment failure-to-protect claim against someone at the institution based on his assertion that he was brutally assaulted by inmate Sanders at the institution. *Id*. at 5-6. The Court thus gave LeBlanc an opportunity to file an amended complaint and provided a description of the elements required to state a failure-to-protect claim, that (1) he was exposed to a harm that was objectively serious; and (2) a specific prison official knew of and disregarded an excessive risk to his health or safety. *Id.* The Court confirmed that LeBlanc had already provided sufficient allegations to cover the first element and thus, if he chose to try to amend, he should identify the "name a specific prison official or officials that he contends knew of and disregarded an excessive risk to his health or safety." *Id*. The Court gave LeBlanc until May 16, 2022 to file an amended complaint that contained these facts. *Id*.; *see also* Dkt. No. 22.

On May 4, 2022, LeBlanc filed an amended complaint. Dkt. No. 23. The amended complaint continues to name only co-inmate Sanders and Warden Kemper as defendants. *Id*. It again refers to LeBlanc having allegedly been assaulted by Sanders, along with a number of largely extraneous facts. *See id*. Related to Sanders, LeBlanc alleges that, on an unknown date, inmate Aziz Booker had a "verbal" and "physical" incident with Sanders in the Kenosha Unit dining room at the Racine Correctional Institution. *Id*. at 4. Sanders allegedly initiated the altercation. *Id*. Rather than moving Sanders to a different unit following that incident with inmate Booker, Sanders was moved to a cell next to LeBlanc's cell. *Id*. He further alleges that on November 23, 2018, Sanders brutally and savagely assaulted LeBlanc in the dayroom of the Kenosha Unit. *Id*. at 2. LeBlanc lost consciousness and lay in a pool of blood. *Id*. at 7. Following the assault, Kenosha Unit Manager Robert Krueger went directly to talk to Sanders rather than checking on LeBlanc. *Id*. at 2-3. LeBlanc states that Krueger, Lieutenant David Launderville, and Captain Michael

2

Giernoff all work on Kenosha Unit and they often cover-up "illicit cell-phones, decadent sex-acts, drugs, and physical fights" that occur on the unit. *Id*.

A few months after the assault, on January 17, 2019, investigators from the Racine County Sheriff's Department went to the institution to interview LeBlanc about the November 23 incident. *Id*. at 9. The investigators stated that they had seen video of the assault and had seen pictures of LeBlanc after the assault. *Id*. They allegedly said that Sanders would likely be criminally charged for the assault. *Id*.

On February 18, 2019, LeBlanc filed a request for separation. *Id*. at 8. A month later, on March 18, 2019, LeBlanc filed a second inmate complaint. *Id*. LeBlanc states that he felt "intimidated" by Sanders' friends. *Id*. at 7. LeBlanc explains that even correctional staff, such as Sergeant Goodall, were hoping for another fight between LeBlanc and Sanders following Sanders' return to the unit on January 21, 2019. *Id*. at 7-8. Goodall mocked LeBlanc by making "comical remarks" such as "Gil, you have nothing to worry about, Sanders [can't] fight, he has a hurt left-hand." *Id*. at 7. On March 20, 2019, the institution granted LeBlanc's request for separation and moved him to Jefferson Unit. *Id*. at 8. LeBlanc notes that Sanders still has not been criminally charged for the assault. *Id*. at 9. For relief, LeBlanc seeks monetary damages. *Id*. at 10-11.

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020). To state a claim, Leblanc must allege that: (1) he was exposed to a harm that was objectively serious; and (2) a specific prison official knew of and disregarded an excessive risk to the inmate's health or safety. *Id*. This requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Gevas v. McLaughlin,* 798 F.3d 475, 480 (7th Cir. 2015). The requisite knowledge "is a question

3

of fact subject to demonstration in the usual ways, including inference from circumstantial evidence…and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* (citing *Farmer*, 511 U.S. at 842.) But complaints that convey only a generalized, vague, or stale concern about one's safety typically will not support an inference that a prison official had actual knowledge that the prisoner was in danger. *Id.* at 480-81. LeBlanc must allege a tangible threat to his safety or well-being. *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011).

LeBlanc alleges that he was brutally attacked by inmate Sanders on November 23, 2018, which constitutes an objectively serious risk of harm. But LeBlanc still does not identify any specific defendant who allegedly knew of and disregarded an excessive risk to his health or safety prior to the incident. LeBlanc does not allege that he told anyone that inmate Sanders had threatened him prior to the November 23 incident nor does he allege that anyone knew that the attack on LeBlanc would happen prior to November 23. LeBlanc appears to suggest that everyone at the institution should have known that inmate Sanders was dangerous because he had gotten into a fight with inmate Booker at some point before November 23, but "generalized" or "vague" concerns about one's safety does not support an inference that a prison official had actual knowledge that the prisoner was in danger. LeBlanc was required to identify a tangible threat to his safety or well-being, which he did not do. LeBlanc therefore fails to state an Eight Amendment failure-to-protect claim against anyone at the institution.

LeBlanc raises issues with the way Krueger, Launderville, Giernoff, and Goodall behaved *after* the November 23 incident. He states that Krueger, Launderville, and Giernoff appeared to support inmate Sanders and helped "cover-up" the incident. Goodall allegedly mocked LeBlanc. As a preliminary matter, LeBlanc does not name any of these individuals as defendants in the case.

4

Even if he had, "there is no constitutional violation in conspiring to cover up an action which does not itself violate the constitution." *Hibbard v. Reitz*, 33 F. App'x 820, 822 (7th Cir. 2002) (citing *Hill v. Shobe,* 93 F.3d 418, 422 (7th Cir.1996)). Here, LeBlanc has not sufficiently alleged a constitutional violation with respect to the November 23 attack. He does not allege that anyone at the institution knew that the attack would happen prior to the attack and absent such knowledge there could not be a failure-to-protect claim. There being no such underlying claim, LeBlanc also fails to allege any unconstitutional "cover-up." Further, LeBlanc's complaint about Goodell's comments, even if true does not state a claim. Such comments may have been inappropriate, rude, and disrespectful, but that too does not violate the constitution. *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (noting that "[r]elationships between prisoners and prison staff are not always marked by genteel language and good manners" and that "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment.") Even if read generously, LeBlanc's allegations do not state claims against Krueger, Launderville, Giernoff, and Goodall.

LeBlanc also reiterates throughout the complaint that Kemper was "in charge" and that he was responsible for the "incompetence" and "egregious actions" of his employees, *see* Dkt. No. 23 at 2, 4, & 6-7, but there is no supervisory liability under §1983. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). LeBlanc does not allege any specific facts about what Kemper did or did not do with respect to the November 23 incident; therefore, he fails to state a claim against Kemper.

Finally, as noted in the prior screening order, inmate Sanders is not a "state actor" for purposes of §1983, *see West v. Atkins*, 487 U.S. 42, 49 (1988), and prosecutors are entitled to absolute immunity with respect to their decision to initiate prosecution, *see Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Thus, LeBlanc also does not have claims against inmate Sanders or

5

the prosecutor. The Court will therefore dismiss this case for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 1, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.